**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **P.P. and W.P.**

**No. 22-841** (Randolph County CC-42-2022-JA-48 and CC-42-2022-JA-49)

**MEMORANDUM DECISION**

Petitioner Father D.P.[1] appeals the Circuit Court of Randolph County's October 19, 2022, order terminating his parental rights to his child P.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June 2022, the DHHR filed a petition alleging that petitioner committed domestic violence against the mother while their children, P.P. and W.P.,[3] were present in the home. The mother denied that there were previous physical altercations but advised the DHHR case worker that petitioner had been verbally abusive in the past. Petitioner was indicted on charges of malicious assault and domestic battery and remained in jail awaiting trial throughout the proceeding.

In August 2022, the court held an adjudicatory hearing. The court heard testimony from the mother and a state trooper. Petitioner elected not to testify. The mother testified that petitioner had been drinking alcohol in his truck before coming in the house and accusing her of cheating. She was holding infant W.P. when petitioner attacked her with a knife, cutting her left arm. The mother testified that petitioner then repeatedly punched her with his fists, hit her with household objects, and dragged her through the house by her hair. According to the mother, P.P. was asleep

---

[1]Petitioner appears by counsel Steven B. Nanners. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Counsel Heather M. Weese appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The child W.P. was born with health complications, and the circuit court was advised at the outset of the adjudicatory hearing that he passed away after the abuse and neglect petition was filed. Therefore, W.P. was not found to be an abused or neglected child at adjudication and is not at issue in this appeal.

during this time, but she was unsure if the child woke up at any point. The mother was eventually able to flee to a neighbor's house to seek help. The state trooper testified that when he arrived in response to a 911 call, he observed injuries to the mother's face, head, and arm. The trooper reported that the residence was in extreme disarray and there was blood in multiple places throughout the home. The trooper found W.P. sleeping on the couch with a loaded shotgun propped against the couch. The trooper found P.P., who appeared to be extremely upset, in a crib in a back bedroom. Based on the evidence presented, the court adjudicated petitioner as an abusing and neglecting parent. The court further found that the evidence was unrefuted because petitioner chose not to testify. Petitioner, thereafter, filed a written motion for a post-adjudicatory improvement period.

The court held a dispositional hearing in October 2022, at which time the DHHR and the guardian supported termination of petitioner's parental rights. Petitioner again chose not to testify. The court denied petitioner's motion for an improvement period because he had not proven that he would be likely to participate, and the court was not required to await the outcome of petitioner's criminal case for him to choose to testify in support of the motion. The court found that, given the severity of the domestic violence and the unpredictability of petitioner's actions, there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that there was no reasonable alternative to termination. *See* W. Va. Code § 49-4-604(c)(6) (specifying factors for termination of parental rights based on abuse and/or neglect). Therefore, finding it to be in the child's best interests, the court terminated petitioner's parental rights and this appeal followed.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). We have held that,

> "[West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Further, "[c]lear and convincing evidence means that more than a mere scintilla of evidence has been presented to establish the veracity of the allegations of abuse and/or neglect, but it does not impose as exacting an evidentiary burden as criminal proceedings which generally require proof beyond a reasonable doubt." *In re A.M.*, 243 W. Va. 593, 598, 849 S.E.2d 371, 376 (2020).

On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing and neglecting parent and in ultimately terminating his parental rights to P.P. He admits that the DHHR proved he committed domestic violence against the mother on the night in question, but he argues that this violence was a "first time" event about which the children were unaware because

---

[4]The permanency plan is for the child to remain in the custody of the nonabusing mother.

they were asleep. After reviewing the testimony of the mother and the state trooper, we find no merit to the petitioner's arguments.

The abuse and neglect law defines "abused child" to include "[a] child whose health or welfare is being harmed *or threatened* by . . . [d]omestic violence . . . ." W. Va. Code § 49-1-201 (emphasis added). This "statute does not require that a parent's conduct be directed at his child or that the child suffer injury; it requires that a parent's conduct *threatens* his child's well-being." *In re S.C.*, 248 W. Va. 628, ___, 889 S.E.2d 710, 716 (2023) (citing *In re A.J.-1*, Nos. 20-0824 and 20-0918, 2021 WL 2272435, at *1-2 (W. Va. June 3, 2021) (memorandum decision) (affirming adjudication of father after he committed domestic violence against other residents of his child's home)). Petitioner brutally beat the children's mother throughout various rooms in the home, while W.P. and P.P. were also inside the home. Petitioner used a knife, his fists, and household objects to inflict this violence, and a loaded firearm was nearby. The mother was even holding W.P. in her arms when petitioner stabbed her arm with the knife. We have no difficulty in concluding that P.P.'s well-being was threatened by these harrowing acts. Therefore, we find that the DHHR met its burden of proof and the circuit court did not err in adjudicating the petitioner as an abusing or neglecting parent and P.P. as an abused child.

We, likewise, find no error in the circuit court's order denying petitioner an improvement period and in terminating his parental rights. The court found that "the nature of the abuse does not lend itself to being remedied" and that termination was necessary for the welfare and best interests of the child. Because the court had ample evidence upon which to make these findings, we find no error in the termination of petitioner's parental rights. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) ("Termination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (citation omitted)).

Accordingly, for the foregoing reasons, we find no error in the decision of the circuit court, and its order of October 19, 2022, is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3